IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIAH MARTINEZ, a citizen of
the state of New Mexico,

    Plaintiff,

v.                                                       Cause. No. _____

THE CITY OF RIO RANCHO, Rio
Rancho Department of Public Safety
Sergeant, BRIAN THACKER in his
individual and official capacity as an
employee of the City of Rio Rancho,

    Defendants.

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS SEEKING DAMAGES
AND DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Mariah Martinez, by and through her attorneys, The Barnett Law Firm, P.A., (Colin L. Hunter and James E. Dory) hereby brings this Complaint and states as follows in support thereof:

**INTRODUCTION**

1. This is a civil rights action challenging the City of Rio Rancho's ("City") policy and custom of having police officers pull over, detain, and cite individuals who are perceived as having communicated to oncoming traffic by flashing their headlamps, and then prosecuting and imposing fines upon those individuals.

2. After dusk on January 25, 2014, Mariah Martinez was driving on Tulip Road heading southwest near Lisbon Avenue in Rio Rancho when she noticed a late-model Dodge Charger approaching in the other direction that appeared to have its headlamps on. As a

1

courtesy, she flashed her lights to communicate to the approaching driver that his headlamps were on.

3. In a direct response to the communication, Rio Rancho Department of Public Safety Sergeant Brian Thacker ("Sgt. Thacker") turned around and initiated a traffic stop of Ms. Martinez, for violation of an ordinance that no reasonable officer would believe she violated, without reasonable suspicion or probable cause to believe she had violated any law, and in retaliation for having engaged in expressive conduct protected by the First Amendment of the United States Constitution.

4. Acting under color of law, Sgt. Thacker, without reasonable suspicion or probable cause to believe that Ms. Martinez had violated any law, unlawfully required Plaintiff to pull to the side of the road – an unreasonable seizure of her person without a warrant, reasonable suspicion, or probable cause in violation of the Fourth Amendment.

5. The government cannot enforce traffic laws, or any other laws, to punish drivers for their expressive conduct. The expressive conduct used by Ms. Martinez is commonly understood as sending a message to other drivers on the road that they should bring their driving in conformity with the law, such as by slowing down or turning on one's own headlights at dusk or in the fog. When "[a]n intent to convey a particularized message [is] present, and in the surrounding circumstances the likelihood [is] great that the message would be understood by those who viewed it," it is protected speech. *Spence v. State of Wash.*, 418 U.S. 405, 410 (1974).

6. In this action, brought pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages on her individual First and Fourth Amendment claims. In addition, Ms. Martinez seeks to have the City's policy of having police officers pull over, detain, cite, and prosecute individuals who communicate with other motorists by flashing their lights declared unconstitutional and the City enjoined from continuing to enforce it.

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Mariah Martinez is a resident of the City of Rio Rancho, state of New Mexico.

8. Defendant City of Rio Rancho is a person within the meaning of 42 U.S.C. § 1983.

9. Defendant Rio Rancho Department of Public Safety Sergeant Brian Thacker is an individual employed by the City of Rio Rancho as a police officer. At all times material, Sgt. Thacker was acting under the color of state law.

10. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 to vindicate rights violated under color of state law, and seek relief under 28 U.S.C. §§ 2201 and 2202, and 42 U.S.C. § 1988. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Venue properly lies with this Court under 28 U.S.C. § 1391(b).

11. At all times material hereto, the City was responsible for the operation of the Rio Rancho Department of Public Safety ("RRDPS") and for claims against it and is responsible for the hiring, retention, training, supervision and discipline of its police officers, and for the promulgation of policies and procedures that govern conduct of its police officers.

12. Accordingly, jurisdiction and venue are proper in this Court.

## FACTS

13. After dusk on January 25, 2014, Mariah Martinez was driving on Tulip Road heading southwest near Lisbon Avenue in Rio Rancho when she saw a late-model Dodge Charger approaching her in the opposite direction that appeared to have its headlamps on.

14. As the vehicle approached, as a courtesy Ms. Martinez flashed her lights to communicate to the driver that she thought that his headlamps were on.

15. In a direct response the communication, Sgt. Thacker, the driver of the Charger, turned around and pulled up behind Ms. Martinez and initiated a traffic stop. In his police report, Sgt. Thacker alleges that he was travelling north and that Ms. Martinez's vehicle, while heading in the opposite direction, was "continuously flashing its high beams."

16. After Ms. Martinez applied the brakes and pulled over, Sgt. Thacker alleges he noticed a different color of light emitting from a slight crack in her tail lamp on the passenger side of the vehicle. After making contact with Ms. Martinez, Sgt. Thacker reported that Ms. Martinez informed him that she had flashed her headlights because his high beams were on.

17. During a recorded interview, Sgt. Thacker asserted that his high beams were not on, but that, since he started driving a new Charger patrol vehicle, people often think they are on and flash their high beams at him.

18. Sgt. Thacker also stated that he initiated the stop due to Ms. Martinez flashing her highs beams and that he only noticed that her tail light had a slight crack after initiating the stop, when Ms. Martinez applied the brakes and pulled over.

19. After stopping and detaining Ms. Martinez, Sgt. Thacker initiated a DWI investigation and subsequently arrested her for DWI, in addition to citing and initiating a prosecution of her alleging that by flashing her lights she violated Section 12-6-12.18(5) of the Rio Rancho Municipal Code that states: "No person shall. . . operate a motor vehicle's equipment, including but not limited to the vehicle horn or lights, in such manner as to distract other motorists on the public way or in such a manner as to disturb the peace."

20. This City purports that this ordinance prohibits motorists from using their lights or horn to communicate with other drivers to warn them of some hazard or to indicate to others to check that their high beams are on.

21. On April 20, 2014, Ms. Martinez motioned the Rio Rancho Municipal Court to dismiss the charges on the grounds that the stop was unconstitutional under the First and Fourth Amendment to the United States Constitution.

22. On September 9, 2014, the Court dismissed all the charges against Ms. Martinez, with prejudice. This was not the first time Ms. Martinez had been stopped and cited by a RRDPS officer for an alleged improper use of her headlamps. On January 18, 2014 a RRDPS officer cited her for an alleged improper use of her headlamps, which also resulted in a dismissal.

23. Upon information and belief, it is a widespread practice of the City of Rio Rancho to pull over, detain, and cite individuals who are perceived as having communicated to oncoming traffic that a speed-trap is ahead by flashing their headlamps, and then prosecute and impose fines upon those individuals.

24. In addition, the widespread practice includes citing and prosecuting individuals for violation of an ordinance that no reasonable officer would believe the individuals had

violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in conduct protected by the First Amendment.

25. City officials, including Sgt. Thacker, are aware of the widespread practice of citing and prosecuting individuals for violation of an ordinance that no reasonable officer would believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in conduct protected by the First Amendment.

26. As the direct and proximate result of the Defendant's actions and inactions, Plaintiff suffered the following injuries and damages:

   a) Violation of her rights under the First Amendment applicable through the Fourteenth Amendment, to be free from detention, prosecution, or both for constitutionally protected acts of expression;

   b) Unreasonable seizure of her person without a warrant, reasonable suspicion, or probable cause in violation of the Fourth Amendment, applicable through the Fourteenth Amendment;

   d) Deprivation of her liberty; and,

   e) Objectively reasonable chill in communicating by flashing headlamps for fear of detention, citation, and prosecution.

27. Plaintiff's ability to exercise her First Amendment right of free speech by flashing her headlamps to communicate with other motorist continues to be chilled because of the ongoing risk of being stopped, cited, and prosecuted for doing so.

28. Absent injunctive relief, Plaintiff reasonably fears that she will be harmed if she communicates by flashing her headlamps and, as a result, has refrained from doing so and will refrain from doing so in the future. Defendant will suffer no harm, as there appears to be no

immediate or imminent danger to public safety health or welfare through Plaintiff's flashing her headlamps.

### CAUSES OF ACTION

#### COUNT I
Violation of Civil Rights - 42 U.S.C. §1983
*(First Amendment Retaliation Claim Against Defendant Thacker)*

29. Plaintiff incorporates and re-allege each and every allegation contained in Paragraphs of this Complaint as if set forth fully herein.

30. Plaintiff's conduct of communicating a message by flashing her headlamps is expressive activity protected by the First Amendment.

31. Plaintiff's communication did not violate any law.

32. Sgt. Thacker stopped, detained, cited and prosecuted Ms. Martinez in direct response to her attempt to communicate with him – speech protected under the First Amendment of the United States Constitution – by flashing her high beams.

33. But for Defendant Thacker's retaliatory animus regarding Plaintiff's communication by flashing her headlamps, Defendant Thacker would not have compelled Plaintiff to pull over.

34. But for Defendant Thacker's retaliatory animus regarding Plaintiff's communication by flashing her headlamps, Defendant Thacker would not have issued Plaintiff a citation for allegedly violating § 12-6-12.18(5) of the Rio Rancho Municipal Code.

35. But for Defendant Thacker's retaliatory animus regarding Plaintiff's communication by flashing her headlamps, Defendant Thacker would not have initiated a proceeding in municipal court against Plaintiff for allegedly violating § 12-6-12.18(5) of the Rio Rancho Municipal Code.

36. But for Defendant Thacker's retaliatory animus regarding Plaintiff's communication by flashing his headlamps, Plaintiff would not have been cited and required to appear in municipal court to contest the citation.

37. As the direct and proximate result of the Defendant's actions and inactions, Plaintiff suffered the following injuries and damages: violation of her rights under the First Amendment applicable through the Fourteenth Amendment; deprivation of her liberty; and an objectively reasonable chill in Plaintiff's ability to exercise her First Amendment right of free speech by flashing her headlights to communicate with other motorists.

## COUNT II
Violation of Civil Rights - 42 U.S.C. §1983
*(Fourth Amendment Claim for Unlawful Seizure Against Defendant Thacker)*

38. Plaintiff incorporates and re-allege each and every allegation contained in Paragraphs of this Complaint as if set forth fully herein.

39. Plaintiff has and had a Fourth Amendment right to be free of unreasonable seizure of her person.

40. Defendant Thacker, acting under color of law, required Plaintiff to pull to the side of the road and to remain on the side of the road without reasonable suspicion or probable cause to believe that Plaintiff had violated any law.

41. The City's policy and custom of stopping, detaining, citing, prosecuting, and punishing individuals who communicate by flashing their headlamps for violating § 12-6-12.18(5) of the Rio Rancho Municipal Code, without reasonable suspicion or probable cause to believe that such activity violates §12-6-12.18(5) of the Rio Rancho Municipal Code, is repugnant to the Fourth Amendment of the United States Constitution.

42. As the direct and proximate result of the Defendant's actions and inactions, Plaintiff suffered the following injuries and damages: unreasonable seizure of her person without a warrant, reasonable suspicion, or probable cause in violation of the Fourth Amendment, applicable through the Fourteenth Amendment; deprivation of her liberty; and an objectively reasonable chill in Plaintiff's ability to exercise her First Amendment right of free speech by flashing her headlights to communicate with other motorists.

**COUND III**
Violation of Civil Rights - 42 U.S.C. §1983
*(Fourth Amendment Claim for Malicious Prosecution Against Defendant Thacker)*

43. Plaintiff incorporate and re-allege each and every allegation contained in Paragraphs of this Complaint as if set forth fully herein.

44. Defendant Thacker, acting under the color of law, lacked probable cause to initiate proceedings against Plaintiff for an alleged violation of § violates §12-6-12.18(5) of the Rio Rancho Municipal Code.

45. A reasonable officer would have known that there was no probable cause to initiate a proceeding against Plaintiff for an alleged violation of § violates §12-6-12.18(5) of the Rio Rancho Municipal Code.

46. In initiating a proceeding against Plaintiff, Defendant acted maliciously, in retaliation for Plaintiff's message, or for additional purposes other than bringing Plaintiff to justice.

47. As a consequence of the initiation of the prosecution that was ultimately dismissed, Plaintiff suffered harm, including the unlawful deprivation of her liberty during the

time he was pulled to the side of the road and the time she was required to appear in municipal court.

**COUNT IV**
Violation of Civil Rights - 42 U.S.C. §1983
*(Claim for Declaratory Relief Against Defendant City of Rio Rancho and Defendant Thacker)*

48. Plaintiff incorporate and re-allege each and every allegation contained in Paragraphs of this Complaint as if set forth fully herein.

49. Defendants' policies and customs impermissibly infringe on the Plaintiff and other similarly situated individuals' expressive activity as guaranteed by the United States Constitution.

50. Defendants' policy of stopping, detaining, citing, prosecuting, and punishing individuals who communicate by flashing their headlamps for violating § 12-6-12.18(5) of the Rio Rancho Municipal Code, without reasonable suspicion or probable cause to believe that such activity violates § 12-6-12.18(5) of the Rio Rancho Municipal Code, is repugnant to the First and Fourth Amendments of the United States Constitution.

51. For reasons including, but not limited to, those stated in this Complaint, an actual dispute exists between plaintiff and defendants, which parties have genuine and opposing interests, which interests are direct and substantial, and of which a judicial determination will be final and conclusive.

52. The "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality).

53. Plaintiff is entitled to a declaratory judgment that the City's policy or custom includes citing and prosecuting individuals for violation of an ordinance that no reasonable

officer would believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in expressive conduct protected by the First Amendment as well as such other and further relief as may follow from entry of such a declaratory judgment.

**COUNT V**
Violation of Civil Rights - 42 U.S.C. §1983
*(Claim for Injunctive Relief Against Defendant City of Rio Rancho and Defendant Thacker)*

54.     Plaintiff incorporates and re-allege each and every allegation contained in Paragraphs of this Complaint as if set forth fully herein.

55.     Plaintiff has no adequate legal, administrative, or other remedy by which to prevent or minimize the continuing irreparable harm to her constitutional rights. Plaintiff is, therefore, entitled to a preliminary and permanent injunction prohibiting defendants from committing the above-described violations of their constitutional rights, as well as such other and further relief as may follow from entry of such injunctive relief.

56.     Plaintiff is entitled to injunctive relief enjoining the City's from continuing to cite and prosecute individuals for violation of an ordinance that no reasonable officer would believe the individuals had violated, without reasonable suspicion or probable cause to believe they had violated any law, and in retaliation for the individuals having engaged in expressive conduct protected by the First Amendment as well as such other and further relief as may follow from entry of such injunctive relief.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks the following relief:

(A)     Enter a declaration, pursuant to 42 U.S.C. § 1983, that Defendants' policies and

customs violate the Constitution;

(B) Enter preliminary and permanent injunctions prohibiting Defendants and their officers, agents, servants, and employees, from stopping, detaining, citing, prosecuting, or punishing any individual for the act of flashing his or her headlamps;

(C) Award Plaintiff's costs, including reasonable attorneys' fees under 42 U.S.C. § 1988, and under other applicable law;

(D) Award pre and post-judgment interest; and,

(E) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

BARNETT LAW FIRM, P.A.

*By: /s/ Colin L. Hunter*
COLIN L. HUNTER
JAMES E. DORY
1905 Wyoming Blvd NE
Albuquerque, NM 87112
(505) 275-3200
colin@theblf.com