IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIAH MARTINEZ, a citizen of the
state of New Mexico,

       Plaintiff,

v.                                                                                     No. CIV 14-841 RB/KBM

THE CITY OF RIO RANCHO, and Rio
Rancho Department of Public Safety
Sergeant, BRIAN THACKER, in his
individual and official capacity as an
employee of the city of Rio Rancho,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mariah Martinez sued Defendants Rio Rancho and Sergeant Brian Thacker alleging that Sergeant Thacker violated her constitutional rights during a traffic stop. Defendant Thacker moved for summary judgment on the basis of qualified immunity. (Doc. 10.) Having reviewed the parties' submissions and arguments, the Court **GRANTS** the motion.

**I.      BACKGROUND**

On January 25, 2014, Plaintiff was driving in Rio Rancho, New Mexico, when she saw an oncoming car she thought had its high beams on. (Martinez Aff. ¶¶ 3-4.) She flashed her high beams and honked her horn to alert the other driver that his high beams were on. (*Id.* ¶ 4.) Plaintiff learned that flashing her lights was an appropriate technique from a defensive driving class. (*Id.* ¶ 4-6.) Turns out, the oncoming car was a police patrol car driven by Defendant Sergeant Brian Thacker. Apparently, Defendant Thacker's new patrol car had strong headlights that other drivers had previously mistaken for high beams. (Thacker Aff. Ex. 1, at 2.)

Defendant Thacker, who was on routine patrol, admits that "Plaintiff attracted his attention." (Thacker Aff. ¶ 2; Doc. 10 at 7.) He initiated his emergency lights and pulled over Plaintiff's car. Exactly why he pulled over Plaintiff's car is a point of contention.

Defendant Thacker avers that he stopped Plaintiff because she had a crack in her taillight. (Thacker Aff. ¶ 3.) Plaintiff acknowledges that she had a small crack in the passenger side taillight. (Martinez Aff. ¶ 11.) She also believes that given the crack's location, no oncoming car could have seen the crack. (*Id.*) She provided a photograph of her car showing the back and driver's side taillights. (Ex. 2 at 2, Doc. 11-2.) No cracks are visible from this vantage point. Based on this fact, Plaintiff argues that Defendant Thacker could not have initiated the stop because of the broken taillight, because he would not have seen the crack until after he had already pulled her over. (Martinez Aff. ¶ 10.)

Plaintiff avows that Defendant Thacker pulled her over because she flashed her high beams and honked her horn at him. (Martinez Aff. ¶ 8.) At some point, Defendant Thacker made statements indicating that he pulled over Plaintiff because she used her high beams and honked her horn, not because of the crack in her taillight. (Thacker Aff. Ex. 1, at 2.) On the night in question, Defendant Thacker issued Plaintiff a citation  for flashing her high beams. (Martinez Aff. ¶ 12.) The City of Rio Rancho has a municipal ordinance banning distracting uses of car horns and lights. The ordinance, entitled "Prohibited Activities While Driving," reads:

> No person shall . . . operate a motor vehicle's equipment, including but not limited to the vehicle horn or lights, in such manner as to distract other motorists on the public way or in such a manner as to disturb the peace.

Rio Rancho Mun. Code § 12-6-12.18. The constitutionality of this ordinance is not at issue here.

Once Defendant Thacker pulled over Plaintiff, he noticed that her speech was slurred and that her eyes were bloodshot.  (Thacker Aff. ¶ 4.)  After having difficulty with several field sobriety tests, Plaintiff took a breathalyzer test which revealed that her blood alcohol level was over the legal limit. (Thacker Aff. Ex. 1, at 2.)  Plaintiff's license was revoked for six months. (Thacker Aff. Ex. 1, at 4.)  Plaintiff does not challenge this part of the encounter.

Plaintiff was charged with driving while intoxicated, using vehicle equipment to disturb the peace, and driving with a broken taillight.  (Ex. 5, Doc. 11-5.)  The City did not pursue the case and dropped the charges.  (*Id.*)  Plaintiff filed her claim with this Court on September 16, 2014.  (Compl.)  Defendant Thacker now moves for summary judgment claiming that he is entitled to qualified immunity.  (Doc. 10.)

## II.    LEGAL STANDARD

Summary judgment is appropriate only if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it could influence the determination of the suit.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute over a material fact is "genuine" if a reasonable trier of fact could return a verdict for either party.  *Id.*  At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." *House v. Bell*, 547 U.S. 518, 559-60 (2006).  If there is a genuine dispute of material fact, then the "facts must be viewed in the light most favorable to the nonmoving party . . . ." *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970) and *Anderson*, 477 U.S. at 255).

When a defendant moves for summary judgment on the basis of qualified immunity, the analysis changes slightly.  The court "still views the facts in the light most favorable to the non-moving party and resolves all factual disputes and reasonable inferences in his favor." *Estate of Booker v. Gomez*, 745 F.3d 405, 411 (10th Cir. 2014).  "Unlike most affirmative defenses, however, the plaintiff would bear the ultimate burden of persuasion at trial to overcome qualified immunity by showing a violation of clearly established federal law." *Id.*  To determine whether qualified immunity applies, courts consider two questions.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  First, did the defendant's actions violate the plaintiff's constitutional rights? *See id.*  Second, was the complained-of constitutional violation "clearly established" such that a reasonable officer would have known that his conduct was unlawful?  *See Saucier v. Katz*, 533 U.S. 194, 202 (2001).

## III.    DISCUSSION

Plaintiff brings four claims: (A) retaliatory arrest in violation of her First Amendment rights; (B) unlawful seizure under the Fourth Amendment; (C) malicious prosecution or arrest under the Fourth Amendment; and (D) an unlawful municipal policy or custom of arrests. (Compl.)  Plaintiff uses Section 1983 as a vehicle to bring all of her constitutional claims. Invoking the doctrine of qualified immunity, Defendant Thacker moves for summary judgment. (Doc. 10.)  At this time, Defendant Rio Rancho does not move for summary judgment.  The Court will only analyze the first three Counts against Defendant Thacker because those are the only counts that the parties discussed.

### A.  Retaliatory Arrest in Violation of the First Amendment

Making a fairly novel argument, Plaintiff says that Defendant Thacker's conduct "chill[ed]" her "ability to exercise her First Amendment right of free speech by flashing her

headlights to communicate with other motorists." (Compl. ¶ 42.) She claims that flashing her high beams was protected speech and the but-for cause of her arrest. (Doc. 11 at 5-7.) Defendant Thacker simply argues that he is entitled to qualified immunity because the broken rear taillight gave him probable cause to arrest Plaintiff. (Doc. 10 at 6.) Plaintiff concedes that she had a broken taillight and that officers may lawfully pull over drivers with broken taillights. (Doc. 11 at 8.) She argues, however, that Defendant Thacker could not have seen the taillight when he initiated the stop and thus the only reason for the stop was retaliatory animus.

In order to overcome Defendant Thacker's claim of qualified immunity, Plaintiff needs to show (1) that Sergeant Thacker violated her constitutional rights under the First Amendment, and (2) that the contours of that right were clearly established at the time of her arrest. *See Pearson*, 555 U.S. at 232. The Court can, and will, resolve the second question without resolving the first. *Id.* at 227.

Plaintiff argues that First Amendment rights, in general, are clearly established. (Doc. 11 at 5.) However, the Court is not interested in generalized rights. *See Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011) (holding that courts may not "define clearly established law at a high level of generality"). The specific question is whether Plaintiff had "a First Amendment right to be free from a retaliatory arrest that is supported by probable cause." *See Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). After all, Plaintiff does not deny that she had a broken taillight, nor does she contest her charges for driving while intoxicated. Importantly, Plaintiff also does not deny that Defendant Rio Rancho has a municipal ordinance regarding disruptive vehicle equipment and she does not challenge the constitutionality of the ordinance.

If an arrest is otherwise supported by probable cause, it is unclear whether an officer can still commit an unconstitutional retaliatory arrest. In *Howards v. McLaughlin*, the Tenth Circuit held that an officer violates the First Amendment by arresting a person in retaliation for protected speech, regardless of probable cause. 634 F.3d 1131 (10th Cir. 2011). The Supreme Court, however, overturned the reasoning. *Reichle*, 132 S. Ct. at 2093. Because the "Court has never recognized a First Amendment right to be free from a retaliatory arrest that is supported by probable cause," the Supreme Court held that such a right could not be clearly established. *Id.* at 2093. The Supreme Court opinion left open the possibility that probable-cause-supported retaliatory arrests could become clearly established. Yet, as of July 2014, Tenth Circuit opinions reveal that the right is still uncertain. *See Wilson v. Vill. of Los Lunas*, 572 F. App'x 635, 643 (10th Cir. July 22, 2014) (noting that the question of law is undecided).

The Supreme Court contemplated the facts that Plaintiff offers—that "[a]n officer might bear animus toward the content of a suspect's speech . . . . [and] decide to arrest the suspect because his speech provides evidence of a crime or suggests a potential threat." *Reichle*, 132 S. Ct. at 2095. The Court had no trouble granting immunity for this conduct. This reasoning suggests that First Amendment arrest cases have a pretext buffer zone, similar to the pretext analysis in Fourth Amendment cases. Namely, an officer might be motivated to detain a person for retaliatory reasons, but so long as probable cause supports the arrest, no First Amendment violation will lie. Here, in addition to angrily responding to Plaintiff's communication, Defendant Thacker could have stopped Plaintiff to investigate a violation of the City's ordinance prohibiting distracting uses of car horns and lights. While retaliation against speech is unconstitutional, investigating whether the speech is in violation of local laws is a "legitimate consideration of speech." *Id.* at 2096. Animus is not the but-for cause of a traffic stop when an

6

officer also has a legitimate investigatory purpose.  Furthermore, once he pulled over Plaintiff's car, Defendant Thacker also could have seen the broken taillight, providing further probable cause.  Once he spoke with Plaintiff, Defendant Thacker had probable cause that she was driving while intoxicated.

Under the Supreme Court's hypothetical, if Sergeant Thacker was motivated initially by retaliatory animus, he still did not violate the First Amendment because there was probable cause to support Plaintiff's violation of two city ordinances and the laws against driving while intoxicated.  That, at least, was the arguable state of the law at the time of Plaintiff's arrest.  The Tenth Circuit signaled that this law could change.  *Wilson*, 572 F. App'x at 643 (reasoning that Tenth Circuit precedent, which held that a plaintiff pleading First Amendment retaliatory arrest does not need to show lack of probable cause, may still be good law, but leaving the decision for the future).  A Circuit's stated discomfort with a legal principle leaves the law anything but clear.

Due to the unsettled nature of the law, Sergeant Thacker would not have had fair notice that arresting Plaintiff would amount to a constitutional violation.  Therefore, Defendant Thacker is entitled to qualified immunity.

### B.  Unlawful Seizure

Plaintiff claims that Defendant Thacker unlawfully seized her in violation of the Fourth Amendment when he initiated the traffic stop and detained her.  A traffic stop is a seizure within the meaning of the Fourth Amendment.  *Whren v. United States*, 517 U.S. 806, 809-10 (1996).  Without reasonable suspicion or probable cause, a detention during a traffic stop violates the detainee's constitutional rights.  *See United States v. Mosley*, 743 F.3d 1317, 1330 (10th Cir. 2014).

"[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring." *United States v. Botero-Ospina*, 71 F.3d 783, 787 (10th Cir. 1995) (en banc).  The parties have a genuine dispute over what spurred the initial traffic stop.  Plaintiff argues the Defendant Thacker pulled her over to question her about flashing her high beams.  Defendant Thacker argues that he pulled over Plaintiff because she had a broken taillight.  Although genuine, this dispute is not material because either scenario gave Defendant Thacker reasonable suspicion of a traffic violation sufficient to support a traffic stop.

Viewing the facts in the light most favorable to Plaintiff, Defendant Thacker is still entitled to qualified immunity. Plaintiff does not deny that Rio Rancho has an ordinance prohibiting the distracting use of car lights and horns, nor does she deny that Sergeant Thacker observed her flashing her lights and honking her horn.  She only argues that the ordinance cannot lawfully be applied to her situation because it would violate her First Amendment rights.  Even if true, that does not defeat the fact that Defendant Thacker had sufficient reasonable suspicion to initiate an investigatory stop.  As long as the Defendant Thacker had a reasonable articulable suspicion of a traffic violation, which he did, the stop was justified despite any mistakes about the law as applied.  *See United States v. Eckhart*, 569 F.3d 1263, 1272 (10th Cir. 2009) ("Some confusion about the details of the law may be excused so long as there was either 'an observed actual traffic violation or reasonable articulable suspicion that an actual traffic or equipment violation has occurred or is occurring.'") (citation omitted).  While out on patrol, a police officer does not need to consider every possible constitutional defense before instituting a legitimate investigatory stop for a suspected traffic violation.  Qualified immunity shields officers who

8

"reasonably but mistakenly conclude" that a suspect violated the law.  *Hunter v. Bryant*, 502

U.S. 224, 227 (1991).

After the initial stop, the undisputed facts show that Defendant Thacker had probable

cause to arrest Plaintiff.  Once Sergeant Thacker was able to see the broken taillight, he had

additional support for the stop.  Finally, when Sergeant Thacker approached the vehicle and saw

that Plaintiff had slurred speech and bloodshot eyes, he had probable cause to continue the

detention.  Because Defendant Thacker had reasonable suspicion and probable cause to stop and

detain Plaintiff, the seizure did not violate Plaintiff's Fourth Amendment rights.  Defendant

Thacker is entitled to qualified immunity and summary judgment on this claim.

### C.  Fourth Amendment Malicious Prosecution

Plaintiff argues that Defendant Thacker maliciously and without probable cause

"initiate[d] a proceeding against Plaintiff for an alleged violation" of the City's disruptive car

equipment ordinance.  Plaintiffs can bring actionable malicious prosecution claims under Section

1983 if the conduct violated the Constitution.  *Pierce v. Gilchrist*, 359 F.3d 1279, 1290 (10th Cir.

2004).  Although Plaintiff presents a claim in her Complaint for malicious prosecution, she does

not include any facts in her summary judgment response that support the claim.  In her summary

judgment response, Plaintiff's argument and facts more closely resemble a false arrest claim.

Fourth Amendment claims for false arrest and malicious prosecution both stem from unlawful

seizures of a person.  The defining distinction between the two claims is the initiation of legal

process.  *See Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013).  False arrests occur

when an officer unreasonably seizes a suspect before getting a warrant or otherwise instituting

formal legal proceedings.  *See id*.  In contrast, malicious prosecutions occur when a state official

makes an unreasonable seizure buttressed by legal process.  *See id.*

Whether Plaintiff makes a false arrest or a malicious prosecution claim, she needs to prove that Defendant Thacker arrested her without probable cause. *See Hartman v. Moore*, 547 U.S. 250, 265 (2006) (holding that an element of the constitutional tort of malicious prosecution is a lack of probable cause); *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012) (holding that lack of probable cause is an element of false arrest).

Plaintiff argues that no reasonable officer could have considered her conduct a violation of the City ordinance against disruptive car lights and horns.  However, as discussed, Defendant Thacker saw an arguable violation of the City ordinance and was not required to weigh all of Plaintiff's defenses on the spot.  *See Eckhart*, 569 F.3d at 1272 ("Some confusion about the details of the law may be excused so long as there was either 'an observed actual traffic violation or reasonable articulable suspicion that an actual traffic or equipment violation has occurred or is occurring.'")  But even if Plaintiff is correct, the inquiry does not end there.  "[T]he probable cause inquiry is not restricted to a particular offense, but rather requires merely that officers had reason to believe that a crime—any crime—occurred." *United States v. Turner*, 553 F.3d 1337, 1345 (10th Cir. 2009).  In addition to the alleged horn and light violation, before making the arrest, Defendant Sergeant Thacker had probable cause to believe that Plaintiff violated laws against driving with a broken taillight and driving under the influence of alcohol.

Because Plaintiff cannot prove that Defendant had no probable cause for her arrest, she cannot successfully maintain a malicious prosecution or a false arrest claim.  Defendant Thacker is entitled to summary judgment on this claim.

IV.    **CONCLUSION**

Plaintiff did not put forth sufficient evidence to overcome Defendant Thacker's invocation of qualified immunity.   Thus, summary judgment will be granted in favor of Defendant Thacker on Counts I-III.

**THEREFORE**,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 10) is **GRANTED**.

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**