IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIAH MARTINEZ, a citizen of the
state of New Mexico,

       Plaintiff,

v.                                                            No. CIV 14-841 RB/KBM

THE CITY OF RIO RANCHO,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mariah Martinez sued Defendants Rio Rancho and Sergeant Brian Thacker alleging that Sergeant Thacker violated her constitutional rights during a traffic stop. After the Court granted Sergeant Thacker qualified immunity, Plaintiff moved to amend her Complaint. (Doc. 22.) Defendant Rio Rancho opposes the Amendment. (Doc. 24.) Having reviewed the parties' submissions and arguments, the Court **GRANTS** the motion. (Doc. 24.)

    **I.**    **BACKGROUND**

Plaintiff Mariah Martinez flashed her headlights and honked at a car because she thought the car had its high beams on. (Memorandum Opinion and Order, Doc. 18 at 1.) She was subsequently pulled over because, as it turns out, the car was a patrol car driven by Sergeant Brian Thacker. (*Id.*) Sergeant Thacker arrested Plaintiff for disturbing the peace with vehicular equipment, driving with a broken taillight, and driving while intoxicated. (*Id.* at 3.) Plaintiff filed suit against Sergeant Thacker and the City of Rio Rancho, alleging that Defendant Thacker violated her constitutional rights. (*Id.* at 1.) Upon Defendant's motion, the Court granted Sergeant Thacker qualified immunity. (*Id.*) In its opinion, the Court noted that Plaintiff did not

challenge the constitutionality of the "Prohibited Activities While Driving" municipal ordinance, which directly led to Plaintiff's arrest for disturbing the peace while driving.  (*Id.* at 2.)

Twenty-nine days after the Court issued its opinion, Plaintiff moved to amend her Complaint.  (Doc. 22.)  The Amendment proposes to drop the claims against Defendant Thacker and allege that the municipal ordinance is constitutionally overbroad, in violation of the First Amendment.  (Doc. 22-1.)  Defendant Rio Rancho opposes the motion, arguing that it is untimely.

## II.     DISCUSSION

Plaintiff may amend her Complaint "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Under the rules, courts must "freely" grant leave "when justice so requires."  *Id.*  The Supreme Court warned that "this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant argues that the amendment is untimely because it runs contrary to the parties' joint status report, filed on December 2, 2014.  (Doc. 12, 24.)  Citing *Molina v. Archibeque*, No. 06-cv-1012, slip op. at 2 (D.N.M. July 1, 2009), Defendant admonishes that "management deadlines are not suggestions."  (Doc. 24.)  Plaintiff does not challenge this principle.  Instead, Plaintiff counters that she is not violating any management deadlines because the Court has not yet issued a scheduling order in this case.  (Doc. 25.)

Thus far in this case, the Court has not set any scheduling deadlines.  The parties have not yet started discovery.  Because the case is in its infancy, Defendant cannot claim undue prejudice.  Furthermore, Plaintiff avers that the amendment is in good faith.  In *Foman v. Davis*, the Supreme Court announced that "[t]he Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the

principle that the purpose of pleading is to facilitate a proper decision on the merits." 371 U.S. at 181-82 (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

The Court finds that the proposed amendment will facilitate a decision of this case on the merits. There are no just reasons for denying the amendment. Accordingly, the Court will grant Plaintiff leave to amend her Complaint.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 22) is **GRANTED**.

_____
**ROBERT C. BRACK**
UNITED STATES DISTRICT JUDGE