IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIAH MARTINEZ, a citizen of the
State of New Mexico,

       Plaintiff,

    vs.                                                  No. 1:14-cv-00841 RB-KBM

THE CITY OF RIO RANCHO,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

    Plaintiff Mariah Martinez raises a First Amendment challenge to Defendant City of Rio Rancho's "Prohibited Activities While Driving" municipal ordinance, which prohibits drivers from flashing their lights and honking their horns in a distracting manner that disturbs the peace. Plaintiff received a traffic citation for violating this ordinance and she feels that so long as the ordinance remains enforceable, she cannot freely communicate with other drivers. Consequently, Plaintiff moves for a temporary restraining order and a preliminary injunction to enjoin enforcement of the municipal ordinance at issue. (Doc. 31.) Having reviewed the parties' submissions and arguments, the Court **DENIES** the motion.

    **I.**        **BACKGROUND**

    In January of 2014, Plaintiff was driving in Rio Rancho, New Mexico when she flashed her headlights at an approaching car she incorrectly believed had its high beams on. (Mot. Prelim. Inj., Doc. 32 at 2.) When the car failed to adjust its lights, Plaintiff flashed her high beams again and honked her horn. (*Id.*) To Plaintiff's surprise, the oncoming car was a police patrol car driven by Sergeant Brian Thacker, who proceeded to pull Plaintiff over and arrest her

1

for using vehicular equipment to disturb the peace, driving with a broken taillight, and driving while intoxicated. (*Id.* at 2-3; Memorandum Opinion and Order, Doc. 18 at 3.) Since this incident, Plaintiff claims she no longer honks her horn or flashes her headlights at other drivers. (Doc. 32 at 18.)

Plaintiff filed suit against Sergeant Thacker and the City of Rio Rancho, alleging that the traffic stop violated her constitutional rights. (Memorandum Opinion and Order, Doc. 18 at 1.) Notably, Plaintiff did not pursue a temporary restraining order or a preliminary injunction to stop enforcement of the "Prohibited Activities While Driving" ordinance under the auspices of her original Complaint. Sergeant Thacker moved for summary judgment on the ground of qualified immunity (Doc. 10), and the Court granted his motion. (Memorandum Opinion and Order, Doc. 18, at 1.) In its decision, the Court observed that Plaintiff did not challenge the constitutionality of the disputed ordinance, which formed the basis for Plaintiff's arrest for disturbing the peace while driving. (*Id.* at 2.) Plaintiff then moved to amend her Complaint, proposing to drop her claims against Sergeant Thacker and allege that the municipal ordinance itself is constitutionally overbroad, in violation of the First Amendment. (Doc. 22-1.) The Court granted Plaintiff's motion to amend her Complaint, finding that the proposed amendment would facilitate a decision on the merits. (Memorandum Opinion and Order, Doc. 26 at 3.)

On April 22, 2015, Plaintiff filed an Amended Complaint alleging that the ordinance at issue violates the First Amendment as constitutionally overbroad. (Am. Compl., Doc 29.) Subsequently, Plaintiff moved for a temporary restraining order and preliminary injunction. (Doc. 31.) Defendant responded in opposition to Plaintiff's motion (Doc. 33).

## II.     LEGAL STANDARD

Plaintiff requests both a Temporary Restraining Order and a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.  (Doc. 31.)  The Tenth Circuit has not clearly delineated factors to consider in granting a temporary restraining order; however, district courts in the Tenth Circuit have determined that "the requirements for the issuance of a temporary restraining order are similar to those for the issuance of a preliminary injunction." *Herrera v. Santa Fe Pub. Sch.*, 792 F. Supp. 2d 1174, 1181 (D.N.M. May 20, 2011).  Thus, this court will review Plaintiff's request for a preliminary injunction and temporary restraining order under the same legal standard.

To succeed on a request for a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  All four equitable factors must be satisfied.  *See Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009).  Also, the extraordinary nature of a preliminary injunction necessitates that "the right to relief must be clear and unequivocal." *Greater Yellowstone Coalition v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).  A preliminary injunction that alters the status quo, is mandatory, or "afford[s] the movant all the relief that it could recover at the conclusion of a full trial on the merits," is "specifically disfavored." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (*quoting O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004)).

**III.     DISCUSSION**

In challenging Rio Rancho Municipal Code § 12-6-12.18, Plaintiff must demonstrate, (1) she is likely to succeed on the merits of her claim, (2) she will likely suffer irreparable harm if a preliminary injunction is not granted, (3) the balance of equities tips in her favor, and (4) a preliminary injunction aligns with the public interest.

**A. Likelihood of Success**

Can Plaintiff demonstrate that she is likely to succeed on the merits of her claim? Asserting her claim under the Free Speech Clause of the First Amendment, Plaintiff argues that Rio Rancho's ordinance is overbroad. (Doc. 35 at 1.) The doctrine of overbreadth under the First Amendment is an "exception to [the] normal rule regarding the standard for facial challenges." *Virginia v. Hicks*, 539 U.S. 113, 118 (2003). Invoking the doctrine of overbreadth is an extreme measure, and to succeed on an overbreadth challenge, "the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Broadrick v. Oklahoma*, 413 U.S. 601, 613-15 (1973). Notably, "the mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge." *Members of City Council of City of Los Angeles v. Taxpayers for Vincent*, 466 U.S. 789, 800 (1984).

"When a law infringes on the exercise of First Amendment rights, its proponent bears the burden of establishing its constitutionality." *ACORN v. Municipality of Golden, Colo.*, 744 F.2d 739, 746 (10th Cir. 1984). Thus, ultimately, the City of Rio Rancho will bear this burden. However, Plaintiff still has the burden at the preliminary injunction phase to prove she will likely succeed. *See Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001) (explaining that moving party has the burden to show likelihood of success on the merits).

To succeed on the merits, plaintiff must show that the overbreadth is "substantial." *Bd. of Airport Comm'rs of Los Angeles v. Jews for Jesus*, 482 U.S. 569, 574 (1987). "[T]here must be a realistic danger that the statute will significantly compromise recognized First Amendment protections . . . ." *Taxpayers for Vincent*, 466 U.S. at 801. Here, Plaintiff has shown neither (1) that her rights were significantly compromised, nor (2) that her rights are recognized. In short, Plaintiff has not demonstrated she is likely to succeed on the merits of her claim. The Court will refrain from making a definitive determination on these issues at this early stage, but it will review arguments raised by the Plaintiff to aid its decision.

The challenged portion of the Rio Rancho ordinance prohibits drivers from "operat[ing] a motor vehicle's equipment, including but not limited to the vehicle horn or lights, in such a manner as to distract other motorists on the public way or in such a manner as to disturb the peace." Rio Rancho Mun. Code § 12-6-12.18(5). Plaintiff claims that this ordinance improperly infringes on her right to communicate with other drivers. She notes that it is well established that "conduct may be 'sufficiently imbued with elements of communication to fall within the scope'" of the First Amendment. *Texas v. Johnson*, 491 U.S. 397, 404 (1989) (*citing Spence v. State of Wash.*, 418 U.S. 405, 409 (1974)). But, Plaintiff admits, a court may not presume that any particular type of conduct falls within the ambit of the First Amendment; instead, this determination is made upon consideration of "the nature of [the] activity, combined with the factual context and environment in which it was undertaken." *Spence*, 418 U.S. at 409-410

In support of her contention that honking a car horn and flashing headlights is expressive conduct protected by the First Amendment, Plaintiff points to New Mexico's Motor Vehicle Code (N.M. Stat. Ann. § 66-3-843) which requires vehicles to have a working horn for safety reasons, and the New Mexico Drivers Education curriculum, where Plaintiff learned that flashing

her headlights at an oncoming car was an appropriate defensive driving technique. (Memorandum Opinion and Order, Doc. 18 at 1; Martinez Aff. Doc. 18-1, ¶¶ 4-6.)  Plaintiff avers that the Rio Rancho ordinance in question directly conflicts with both the New Mexico Motor Vehicle Code provision and the New Mexico Drivers Education curriculum.  These alleged conflicts, Plaintiff argues, reveal the unconstitutionality of the ordinance. (Doc. 32, at 7-8.)  However, even if the ordinance conflicts with state laws or guidance, that does not render it unconstitutional under the First Amendment.  *See Rancho Lobo, Ltd. v. Devargas*, 303 F.3d 1195, 1205 (10th Cir. 2002) ("Under New Mexico law, an ordinance is not necessarily invalid because it provides for greater restrictions than state law; rather, the test is whether the ordinance permits an act the general law prohibits, or prohibits an act the general law permits.").

Next, Plaintiff rests her overbreadth challenge on the reasoning that it permits police officers to use unfettered discretion.  Specifically, Plaintiff argues that because the verb "distract" contained in the "Prohibited Activities While Driving" ordinance is not explicitly defined, police officers will use their subjective discretion to determine if they themselves were distracted, and thus if a citation is appropriate.  *See* Rio Rancho Mun. Code § 12-6-12.18(5).  Plaintiff contends that this result is "problematic and alarming," and raises the constitutional interference caused by the ordinance to a "substantial" level meriting preliminary injunctive action. (Doc. 32, at 11.)  Plaintiff analogizes the challenged Rio Rancho ordinance to a Houston city ordinance that made it a crime, "for any person to assault, strike or in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty."  *City of Houston v. Hill*, 482 U.S. 451, 455 (1987).  While the Supreme Court struck down the Houston ordinance under a First Amendment overbreadth challenge, the Houston ordinance does not perfectly align with the Rio Rancho ordinance.  The Supreme Court found that the Houston ordinance was overly broad

based on its "plain language." *Id.* at 456. The Court is not sufficiently convinced, at this early stage, that the language of the Rio Rancho ordinance is similarly overbroad or that it permits unfettered discretion.

Generally, Plaintiff argues that the Rio Rancho ordinance, on its face, regulates protected speech. Plaintiff leans on out-of-circuit precedent to support her claim that the use of vehicular equipment can be considered protected expressive conduct under the First Amendment. (Doc. 32, at 15.) Plaintiff calls the Court's attention to *Elli v. City of Ellisville*, where a driver challenged the constitutionality of a local traffic ordinance that prohibited flashing vehicular lights except on specified vehicles. 997 F. Supp. 2d 980, 982-83 (E.D. MO. 2014). The *Elli* court reasoned that the ordinance in question *required* police officers to issue citations to individuals who "communicated to oncoming traffic by flashing their headlamps." *Id.* at 984. Additionally, Plaintiff relies upon *State v. Immelt*, a decision from the Washington Supreme Court. There, the court decided that a county noise ordinance violated the First Amendment by being overbroad because it prohibited the use of car horns for purposes other than public safety. 267 P.3d 305 (2011). As stated above, it is unclear whether the Tenth Circuit considers honking a car horn and flashing a car's headlights to be protected expressive conduct under the First Amendment.

Ultimately, Plaintiff's legal arguments regarding the likelihood of success on the merits fall short of convincing the Court that Plaintiff met her burden of proving that the overbreadth of the statute, if any, is "substantial" enough to warrant judicial intervention in the form of a preliminary injunction and temporary restraining order. *See Broadrick*, 413 U.S. at 613-15. While it is true that a statute challenged for violating the First Amendment enjoys no presumption of constitutionality, because it is not clear that the conduct at issue even falls within

7

the ambit of the First Amendment, this rule is not yet controlling. *See Doe v. Albuquerque*, 667 F.3d 1111, 1120 (10th Cir. 2012). At this early stage in the litigation, Plaintiff's right to relief is not "clear and unequivocal," and the complex nature of this claim would be more appropriately decided by a full trial on the merits. *Greater Yellowstone Coalition*, 321 F.3d at 1256.

### B. Irreparable Harm

Second, the Court must determine whether Plaintiff is likely to suffer irreparable harm if a preliminary injunction is not granted. A plaintiff can satisfy this requirement "by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.'" *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009) (*quoting Greater Yellowstone Coal*, 321 F.3d at 1258). Significantly, harms which are "[p]urely speculative" in nature "will not suffice." *Id.* To demonstrate irreparable harm, a plaintiff must show that the injury is "both certain and great" rather than "merely serious or substantial.'" *Port City Properties v. Union Pacific R.R. Co.*, 518 F.3d 1186, 1190 (10th Cir. 2008) (*quoting Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)). The court will consider whether the harm "is likely to occur before the district court rules on the merits"; if the district court can rule on the merits before the injury will occur, then the preliminary injunction is unnecessary. *RoDa Drilling Co.*, 552 F.3d at 1210.

"The Supreme Court has made clear that 'the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.'" *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1190 (10th Cir. 2003) (*quoting Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality op.)). But, the Tenth Circuit has cautioned, it is necessary for district courts to "consider the specific character of the First Amendment claim" when evaluating a

8

motion for a preliminary injunction. *Id.* Courts should still question whether the harm is imminent, great, or substantial. *Id.*

Here, Plaintiff contends that Rio Rancho's "Prohibited Acts While Driving" municipal ordinance will cause her irreparable harm because it impermissibly restricts her freedom to communicate with other drivers. (Doc. 32, at 17.) As a result of this harm, Plaintiff argues that she will be injured because the questioned Rio Rancho municipal ordinance burdens and chills her allegedly protected expressive conduct of honking her horn and flashing her headlights. (Doc. 32, at 17-18.) Moreover, Plaintiff asserts that this injury is not merely speculative, but actual and certain: she has already received a traffic citation for engaging in the forbidden motorist conduct, and now she refrains from doing so altogether because of the ordinance. (Doct. 32, at 18.)

Although the Court can assume some harm based on the invocation of First Amendment rights, Plaintiff has not made any showing that her harm is either great or substantial. *See Heideman*, 348 F.3d at 1190. At this time, Plaintiff's injuries are merely speculative and it is not certain that her abstention from horn-honking and headlight-flashing demonstrates a restriction on constitutionally-protected conduct. Moreover, Plaintiff did not request such preliminary relief under her original Complaint, suggesting that her injury is not as imminent as she now claims. The balance of this prong might tip slightly in favor of the Plaintiff; however, any injuries she suffers will be more appropriately addressed after a trial on the merits.

### C. Balance of Equities

The third factor the Court must consider is whether the balance of equities tips in favor of the Plaintiff. Plaintiff argues that the injunction should be granted because she, in contrast to the City of Rio Rancho, has an interest that could be harmed. However, it is not certain that Plaintiff

9

has an interest that could be harmed, as it is not certain that the vehicular conduct at issue is protected under the First Amendment. Moreover, Plaintiff's circular logic is unconvincing when she reasons that the City cannot be harmed because it has no real interest to be harmed. (Doc. 32, at 19.) Although the City did not discuss its reasons for enacting the ordinance in its Response, the Court can determine the justification for prohibition from the text of the ordinance. *See Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 642 (1994) ("The purpose, or justification, of a regulation will often be evident on its face."); *see also Doe*, 667 F.3d at 1133 ("[W]e can discern the justification for the ban in the terms of the ordinance itself."). Rio Rancho Municipal Code § 12-6-12.18(5) references the City's interest in protecting the safety of drivers from hazardous distractions, signifying the ordinance's underlying purpose to increase public health and safety on its roads. In the context of government ordinances, it is well established that "the state may sometimes curtail speech when necessary to advance a significant and legitimate state interest." *Taxpayers for Vincent*, 466 U.S. at 804. In fact, the City has an interest in keeping public peace and preserving the safety of its roadways, and these interests could be harmed if a preliminary injunction is issued. *See Dixon v. Love*, 431 U.S. 105, 114 (1977) (explaining the importance and significant weight of the public's interest in roadway safety).

Furthermore, the enforcement of the "Prohibited Activities While Driving" ordinance is the status quo in Rio Rancho. Although there is no evidence of how long the law has been on the record, it has presumably been in place for some time. Because granting this injunction would be a clear alteration of the status quo, enforcement of the ordinance, it is "specifically disfavored." *Schrier*, 427 F.3d at 1259. In light of the above reasoning, the Court finds this factor tips in favor of the City.

### D. Public Interest

Finally, the Court considers whether the public interest aligns with the issuance of a preliminary injunction. Certainly, "[v]indicating First Amendment freedoms is clearly in the public interest." *Pacific Frontier v. Pleasant Grove City*, 414 F.3d 1221, 1237 (10th Cir. 2005) (explaining the role of the public interest in First Amendment claims in the context of a preliminary injunction). In this vein, Plaintiff argues that the public interest favors an injunction because there is no possibility of imminent harm to public safety or welfare that could arise from Plaintiff's use of her car horn or flashing lights. (Doc. 32, at 19-20.) However, it is also well established that there is an "important public interest in safety on the roads and highways, and in the prompt removal of a safety hazard." *Dixon*, 431 U.S. at 114. Conceivably, public safety could be harmed by a driver who is distracted by the type of conduct prohibited by the Rio Rancho ordinance. At this time, it is not clear that there is a substantial First Amendment violation that would overcome the public interest in safe roadways. Because the Plaintiff did not meet her burden to show that her interest is weightier, the Court determines that the public interest tips in favor of the City of Rio Rancho.

### IV. CONCLUSION

The City of Rio Rancho joins municipalities across the country in the difficult task of safeguarding citizens' safety and their rights on public roadways through the adoption and enforcement of municipal traffic ordinances. On one end of the spectrum, the City must enforce traffic laws to ensure the safety of its roadways; on the other end, it must ensure that such enforcement is not so broad or arbitrary as to violate the constitutional rights of drivers.

Although the City did not offer its reasons for enacting its "Prohibited Activities While Driving" ordinance in its Response to Plaintiff's motion, the Court finds nonetheless that the

balance of the preliminary injunction test tips in favor of the City, because it is not clear that the prohibited activities amount to protected expressive conduct under the First Amendment. While Plaintiff showed that the balance of the irreparable harm prong might tip slightly in her favor, this factor alone is not dispositive when other factors favor the City of Rio Rancho. Plaintiff failed to demonstrate that the balance of equities and public interest clearly tip in her favor. The only issue before the Court at this time is whether the Plaintiff met her heavy burden of demonstrating that enforcement of Defendant's municipal ordinance must be stopped immediately. This type of preliminary relief is an extraordinary remedy, and is not awarded lightly. *See Greater Yellowstone Coalition*, 321 F.3d at 1256. In summary, the Court denies Plaintiff's motion for a temporary restraining order and preliminary injunction. This opinion makes no comment on the merits of the case. The parties are free to argue their claims and defenses in full later in the litigation.

**THEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction (Doc. 31) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**