IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARIAH MARTINEZ,

    Plaintiff,

v.                          No. 1:14-cv-0841 RB/KBM

THE CITY OF RIO RANCHO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court upon Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Request for Alternative Relief. (Doc. 52.) Plaintiff opposes this motion. (Doc. 54.) Having considered the submissions of counsel and relevant law, the Court will **DENY** the motion to strike and will **GRANT** Defendant's request for a 30-day extension of time to file a reply.

**I.  Background**

In the early evening of January 25, 2014, Plaintiff was driving in Rio Rancho, New Mexico when she observed a vehicle traveling in the opposite direction that appeared to have its high beam headlights turned on. (Doc. 29.) As the vehicle approached, Plaintiff flashed her headlights and sounded her horn to convey a message to the driver that the vehicle's high beam headlights were on. (*Id*.) The oncoming vehicle was a police patrol car driven by Rio Rancho Department of Public Safety Sergeant Brian Thacker. (*Id*.) In response to Plaintiff's message, Sergeant Thacker turned around, pulled up behind Plaintiff, and initiated a traffic stop. (*Id*.)

In his police report, Sergeant Thacker wrote that Plaintiff's vehicle, while headed in the opposite direction, was "continuously flashing its high beams." (Doc. 29.) Plaintiff informed Sergeant Thacker that she had flashed her headlights because she thought his high beam headlights were on. (*Id*.) Sergeant Thacker did not have his high beam headlights turned on. (*Id*.) Sergeant Thacker observed that Plaintiff had a slight crack in the taillight on the passenger side of her vehicle and she appeared to be intoxicated. (*Id*.) Sergeant Thacker arrested Plaintiff and charged her with disturbing the peace with vehicular equipment, driving with a broken taillight, and driving while intoxicated. (*Id*.) On April 20, 2014, Plaintiff moved to dismiss the charges as unconstitutional. (Doc. 29.) On September 9, 2014, the Rio Rancho Municipal Court dismissed the charges. (*Id*.)

On September 19, 2014, Plaintiff filed suit in this Court against Sergeant Thacker and the City of Rio Rancho, alleging that the traffic stop violated her constitutional rights. (Doc. 1.) Sergeant Thacker moved for summary judgment on the ground of qualified immunity. (Doc. 10.) The Court granted this motion. (Doc. 18.) In its decision, the Court observed that Plaintiff had not challenged the constitutionality of Defendant's municipal ordinance that formed the basis for Plaintiff's arrest for disturbing the peace while driving. (*Id.*) Plaintiff then moved to amend her Complaint, proposing to drop her claims against Sergeant Thacker and allege that the municipal ordinance itself is constitutionally overbroad, in violation of the First Amendment. (Doc. 22-1.) The Court granted Plaintiff's motion to amend her Complaint, finding that the proposed amendment would facilitate a decision on the merits. (Doc. 26.)

On April 22, 2015, Plaintiff filed an Amended Complaint alleging that Defendant's "Prohibited Activities While Driving" municipal ordinance violates the First Amendment as constitutionally overbroad. (Doc 29.) This ordinance prohibits drivers from "operat[ing] a motor vehicle's equipment, including but not limited to the vehicle horn or lights, in such a manner as to

2

distract other motorists on the public way or in such a manner as to disturb the peace." Rio Rancho Mun. Code § 12-6-12.18(5). In her Amended Complaint, Plaintiff claims that the ordinance chills her ability to exercise her First Amendment right of free speech by flashing her headlights or sounding her horn to convey messages to other motorists. (*Id.*)

On April 29, 2015, Plaintiff filed a motion for a temporary restraining order and request for a preliminary injunction. (Doc. 32.) On June 10, 2015, the Court denied this motion on the grounds that Plaintiff's injuries are speculative, it is unclear whether the ordinance restricts constitutionally-protected conduct, Plaintiff failed to establish irreparable harm, and Plaintiff failed to demonstrate that the balance of equities and public interest weigh in her favor. (Doc. 36.)

On January 29, 2016, Defendants filed a Motion for Summary Judgment to Dismiss All Remaining Claims arguing inter alia that Plaintiff cannot show that the ordinance significantly compromises recognized First Amendment protections or regulates protected speech. (Doc. 49.) On March 4, 2016, Defendant filed a notice of completion of briefing. (Doc. 50.)

On April 4, 2016, Plaintiff filed an untimely response to Defendant's Motion for Summary Judgment and attached the affidavit of Plaintiff's attorney Colin L. Hunter. (Docs. 51 and 51-2.) In his affidavit, Mr. Hunter states that counsel agreed to extend the due date for the response to February 24, 2016. (*Id.*) Notably, Mr. Hunter was in Portales, New Mexico for a week-long trial from February 22–26, 2016. (*Id.*) Mr. Hunter takes responsibility for the fact that the response brief was not filed on February 24, 2016 as it should have been. (*Id.*) Mr. Hunter admits that he did not read the notice of completion of briefing and "incorrectly and carelessly assumed" that it was intended to let the Court and the parties know that Defendant did not intend to file a reply. (*Id.*) Mr. Hunter realized that the response brief had not been filed on April 4, 2016, when he began preparing Plaintiff's portion of the pretrial order and reviewed the electronic docket. (*Id.*)

On April 6, 2016, Defendants filed a Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Request for Alternative Relief.  (Doc. 52.)  Therein, Defendant points out that the response was filed over a month late and that it lacks merit.  (*Id.*)  Defendant requests an additional 30 days to file a Reply in support of its Motion for Summary Judgment in the event that the Court denies the motion to strike.  (*Id.*)  Plaintiff opposes this motion on the grounds that striking a document is an extreme remedy that is unwarranted by the facts of this case.  (Doc. 54.)

**II.    Standard**

Rule 6 of the Federal Rules of Civil Procedure provides that "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).  Notably, the Supreme Court has stated that "Congress plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) (interpreting "excusable neglect" in the context of the federal rules of bankruptcy procedure); *see also Panis v. Mission Hills Bank, N.A*., 60 F.3d 1486, 1494 (10th Cir. 1995) (applying the *Pioneer* definition in the context of Rule 6(b)).

The Tenth Circuit has explained that good cause requires a showing of "good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified."  *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) (quoting *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987)).  Good cause "is not a particularly demanding requirement."  *Stark-Romero v. Nat'l R.R. Passenger Co.*, 275 F.R.D. 544, 547 (D.N.M. 2011).  Similarly "'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited

4

strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs.*, 507 U.S. at 395. "Excusable neglect" may include attorney inadvertence or negligence, provided certain mitigating circumstances are present. *Id.* at 395–97. The Tenth Circuit has recognized that "the determination whether a party's neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (*quoting Pioneer Inv. Servs.*, 507 U.S. at 395).

**III.    Discussion**

Considering all the relevant circumstances, Plaintiff has shown excusable neglect in failing to file a timely response and good cause to extend the deadline. The Motion for Summary Judgment was filed on January 29, 2016. (Doc. 49.) The response was due by February 18, 2016. *See* D.N.M. LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d). Counsel agreed to extend the time for filing a response to February 24, 2016. (Doc. 51-2.) Plaintiff's counsel was away from his office at a jury trial in Portales from February 22 through February 26, 2016. (*Id.*) After he realized that the response had not been filed, Plaintiff's counsel acted quickly and filed the Response. (*Id.*) Based on his affidavit, the Court is satisfied that Mr. Hunter acted in good faith.

Significantly, the delay caused no discernible impact on the judicial proceedings. Indeed, Defendants have requested an additional 30 days to file a reply. Defendants have not demonstrated any danger of prejudice, other than having the Court consider the merits of the Motion for Summary Judgment, as it is bound to do by governing law. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) (holding that a court must address the merits of a motion to dismiss notwithstanding the plaintiff's failure to respond); *Reed v. Bennett*, 312 F.3d 1190, 1194–95 (10th Cir. 2002) (holding that a court cannot grant an unopposed motion for

summary judgment unless the moving party has first met its burden of production and demonstrates it is legally entitled to judgment under Rule 56). Given the Tenth Circuit's preference that courts adjudicate matters on their merits, *see, e.g., Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1321 (10th Cir. 2011) ("our legal system strongly prefers to decide cases on their merits"), the Court finds consideration of the response and a reply is appropriate.

## IV. Conclusion

The Court finds that Plaintiff has shown excusable neglect in failing to file a timely response and good cause exists to extend the deadline for the response nunc pro tunc to April 4, 2016. The Court will grant Defendant's alternative request for a 30-day extension of time to file a reply.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's alternative request is **GRANTED** and Defendant has 30 days from the date of this Memorandum Opinion and Order to file a reply in support of its Motion for Summary Judgment.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**